In the Matter of CITY BANK FARMERS TRUST COMPANY, Petitioner, against 7 WEST 112TH STREET CORP., Respondent.*

Supreme Court, Special Term, New York County, April 10, 1945.

*Mitchell, Capron, Marsh, Angulo & Cooney* for petitioner.

*Emil Levin* for respondent.

EDER, J. Motions numbers 139 and 158 are considered together; the latter is treated as an opposition to petitioner's application herein.

Motion denied. Under section 1077-c of the Civil Practice Act, a mortgagee who would otherwise have a right to foreclose a mortgage is entitled to the surplus produced over and above the taxes, interest and all other carrying charges, to be applied toward the reduction of any past-due principal; such payment obviously constitutes an amortization payment; upon failure

---

* Cf. *Matter of Manufacturers Trust Co. (Temple Man. Corp.)*, 184 Misc. 741. — [REP.

of the owner to pay the surplus when so directed by the court, petitioner may proceed to foreclose the mortgage.

Under section 1077-g, the owner is required to make an additional amortization payment on the unpaid principal amount of 1% or 2% per annum as therein prescribed.

The mortgage became due and payable in 1932 and was not paid; except for the restraint imposed by the moratorium laws, petitioner would otherwise have had the right to foreclose the mortgage; this right is now suspended by the moratorium laws, a legislative favor, which is, however, conditioned upon the owner making the aforesaid obligatory statutory amortization payments.

Sections 1077-c and 1077-g constitute remedial legislation designed to enable the mortgagee to obtain during the emergency period a limited reduction of the past-due principal; section 1077-g merely enlarged the amortization payments by adding to the surplus the mentioned per centum payments. Though this was a later enactment, the object in both instances was the same; these enactments having the same object and purpose in view are, therefore, statutes *in pari materia* and hence are to be construed as constituting one law.

The petitioner, as mortgagee, could, of course, have insisted upon the respondent making the aforesaid statutory amortization payments; it could, likewise, have waived them; it is well established law that a party may forego and waive a right or remedy created for his benefit; and if he does he is bound thereby and may not thereafter avail himself thereof to the detriment of one who has relied and acted upon the waiver.

In the case at bar the petitioner agreed to accept and did accept from the respondent-owner amortization payments in amount less than that which it could have required under these provisions; yet it claims to be nonetheless entitled to surplus. The basis of its contention, as I apprehend it, is that the payments required of the owner are provided for by separate statutes and are independent of each other; that relinquishment of its rights under one does not imply a like surrender of the other; that it did not release its right to the *surplus* provided for under section 1077-c, but merely waived its right to the per centum payments prescribed by section 1077-g; that it is therefore entitled to the surplus.

On the other hand the respondent owner maintains the waiver was complete, and is indivisible, and hence the petitioner has no standing to institute or maintain this proceeding. I am in accord with this view. It is quite apparent from the very fact

that the petitioner agreed. to. accept a lesser sum in amortization payments than the statutory amounts that the petitioner intended to forego them and to require only payments in the amounts provided for by the agreement; if it had intended to require payment of the surplus in addition to the payments to be made under the agreement, it is a fair assumption and reasonable conclusion that it would have made such a reservation; and that it made no such reservation is significant.

These statutory payments were obligations imposed under one law, as above stated, and a waiver of its provisions was entire unless otherwise reserved.

Insofar as the respondent is concerned, it fully complied with the terms of the agreement and has at no time been in default thereunder; the petitioner was not entitled to receive any larger sum than it agreed to accept. As respondent has at no time been in default under the agreement, there is no right of petitioner to proceed herein.

The suggestion in petitioner's brief that because it is a fiduciary the petitioner should not be deemed by implication to have waived the right to surplus is not accepted; I know of no reason why an exception should be made for that reason; no statute or case is cited to support it. Settle order.